UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
INTERNATIONAL UNION OF OPERATING :
ENGINEERS LOCAL 825 EMPLOYEE :
BENEFIT FUNDS, et al., : 10 Civ. 9113 (TPG)
:
               Petitioners, : **OPINION**
:
– against – :
:
HUDSON VALLEY RECYCLING, :
:
               Respondent. :
------------------------------------------------x

On December 6, 2010, petitioners commenced this action to confirm an arbitration award against respondent Hudson Valley Recycling Inc. Hudson Valley never appeared at the underlying arbitration and never responded to the petition in this action. Petitioners now move for a default judgment confirming their arbitration award.

Petitioners' arbitration award is confirmed.

## BACKGROUND

Petitioners are trust funds organized to receive employee benefits. Petitioners and respondent are signatories to a collective bargaining agreement and various "trust agreements," which require that employee benefit payments be made by respondent to petitioners, and that any disputes between the parties concerning such payments be resolved by arbitration. The petitioners have appointed a permanent arbitrator to adjudicate claims related to allegedly delinquent employer contributions.

On December 14, 2009, a hearing was held by arbitrator John Bissell to adjudicate a dispute between petitioners and respondent. Petitioners claimed that respondent had violated the collective bargaining agreement and trust agreements by not making employee benefit payments.  Respondent, despite having been duly notified of the date, time, and location of the arbitration, did not appear at the arbitration hearing.

Because the respondent did not appear at the arbitration after having been duly notified, the arbitrator considered the respondent's nonappearance to have been intentional and awarded the petitioners a default award in the amount of $42,706.719.  This total was the sum of (1)  $32,206.68 of amounts unpaid, including interest charged at 5%; (2) a total of $6,411.34 in liquidated damages; (3) $3,528.17 in attorney's fees and costs; and (4) an $800.00 arbitrator's fee.

Petitioners now seek a confirmation of this arbitration award. Respondent has been served with process, but has not responded to the petition or otherwise appeared in this action.  On April 20, 2011, petitioners obtained a Clerk's Certificate of Default and on May 17, 2011, petitioners moved for a default judgment.

## DISCUSSION

Where a party fails to respond to a motion for a default judgment in the context of a petition to confirm an arbitration award, the motion for default judgment should be construed as an unopposed motion for

summary judgment. <u>Herrenknecht Corp. v. Best Road Boring</u>, No. 06 Civ. 5106, 2007 U.S. Dist. LEXIS 28495, at *4 (S.D.N.Y. Apr. 16, 2007). The court should defer to the arbitrator's decision so long as there is a "barely colorable justification" for the award. See <u>Laundry, Dry Cleaning Workers & Allied Indus. Health Fund v. Stain Less, Inc.</u>, No. 07 Civ. 3202, 2008 U.S. Dist. LEXIS 22402, at *2 (E.D.N.Y. Mar. 18, 2008).

There is nothing in the record that points to any grounds that would lead this court to do anything but confirm this arbitration award.

The arbitration award is confirmed. Judgment will be entered in the amount of $42,706.719.

Dated: New York, New York
       March 2, 2012

*/s/ Thomas P. Griesa*
Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/2/12

- 3 -